**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **NOLAN HUDSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3765** |
| **SHERIFF GUSMAN, ET AL.** | **SECTION:  "C"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Nolan Hudson, Jr., filed this *pro se* and *in forma pauperis* complaint against Sheriff Gusman, Major Jenkins, F.T.O. Stevenson, and an unidentified coach.  In this lawsuit, plaintiff claimed that he was being denied the opportunity to go onto the prison yard for recreation.

Although plaintiff was incarcerated within the Orleans Parish Prison system at the time he filed this lawsuit, the Court has learned that he has since been released.[1]  However, in violation of this Court's rules, plaintiff has not filed a change of address in this case[2] and all mail sent to him at the jail has been returned as undeliverable.  Accordingly, it is appropriate to dismiss this civil action for failure to prosecute.[3]

---

[1] Rec. Doc. 4.

[2]  "Each attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 11.1E.

[3] Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed.R.Civ.P. 41(b). The court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, mail sent to plaintiff has been returned as undeliverable, and he has failed to provide the Court with his current address despite acknowledging on his complaint that he was aware of his obligation to do so. Due solely to plaintiff's failure to meet that obligation, this Court has no way to schedule either a Spears hearing[4] or a preliminary conference in this matter or to otherwise advance his case on the docket.

---

correction is made to the address for a period of 30 days.

Mail sent to plaintiff at the jail was returned as undeliverable on July 7, 14, and 16, 2008. Rec. Docs. 5, 6, 8, and 9. The Court further notes that plaintiff was clearly aware that failure to file a change of address in the case could result in dismissal. The complaint plaintiff signed contained the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Rec. Doc. 1, p. 6.

[4] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this fourteenth day of August, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

3